1
2
3
4
5

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

KINSALE INSURANCE COMPANY, a foreign insurer;

No. 2:22-cv-664

8

Plaintiff,

**COMPLAINT FOR DECLARATORY RELIEF**

9

v.

10

EAGLE COUNTRY CONSTRUCTION, INC., a Washington Corporation; MICHAEL J. HANSEN and ROCHELLE HANSEN, individually and the marital community comprised thereof; INNOVATIVE INVESTMENTS, INC., a Washington Corporation; COLTON and MORGAN PATTERSON, a married couple; DUSTIN KRENZ and RACHEL STOKES, an unmarried couple; WILLIAM and KIMBERLY UNRAU, a married couple; ALEX and LINDSAY CRAIG, a married couple; GRETA and ANTHONY CHEHREHGOSHA, a married couple;

11
12
13
14
15
16
17
18

Defendants.

19
20

Plaintiff Kinsale Insurance Company (hereinafter "Kinsale") submits the following

21

Complaint for Declaratory Relief pursuant to 28 U.S.C. §2201 and Fed.R.Civ.P. 57.

22

**I.    PARTIES**

23

1.1    Plaintiff Kinsale is a foreign eligible surplus lines insurer organized under the laws

24

of the state of Arkansas and headquartered in Richmond, Virginia.

COMPLAINT FOR DECLARATORY RELIEF – 1

1      1.2    Defendant Eagle Country Construction (hereinafter "Eagle Country") is a

2  corporation organized under the laws of the state of Washington and headquartered in Marysville,

3  Washington.

4      1.3    Defendant Innovative Investments, Inc. (hereinafter "Innovative") is a corporation

5  organized under the laws of the state of Washington and headquartered in Marysville, Washington.

6      1.4    Defendants Michael and Rochelle Hansen (hereinafter, collectively "the Hansens")

7  are a married couple residing in Snohomish County, upon information and belief.

8      1.5    Defendants Morgan and Colton Patterson own real property located at 10614 329th

9  Ave SE, Sultan, WA 98294.

10     1.6    Defendants Dustin Krenz and Rachel Stokes own real property located at 10626

11  329th Ave SE, Sultan WA 98294.

12     1.7    Defendants William and Kimberly Unrau own real property located at 10606 329th

13  Ave SE, Sultan, WA 98294.

14     1.8    Defendants Alex and Lindsay Craig own real property located at 10716 329th Ave

15  SE, Sultan, WA 98294.

16     1.9    Defendants Greta and Anthony Chehrehgosha own real property located at 10702

17  329th Ave SE, Sultan, WA 98294.

18          **II.     JURISDICTION AND VENUE**

19     2.1    Jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1332 *et sequitur*,

20  as complete diversity exists among the parties and the amount in controversy exceeds $75,000.

21     2.2    This Court has jurisdiction over this Declaratory Judgment action pursuant to 28A

22  U.S.C. § 2201 because there is an actual and justiciable controversy between the parties with

23  respect to the existence of insurance coverage under the Policy of insurance issued by Kinsale. A

24

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1   judicial determination and declaration of the rights and obligations of the parties is necessary and

2   appropriate at this time because Kinsale has no adequate remedy to resolve the current controversy.

3      2.3      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this action involves

4   a dispute over the application of insurance coverage under policies issued in Washington, events

5   and omissions which give rise to this claim occurred in this district, and all of the Defendants are

6   subject to this Court's jurisdiction.

### III.      FACTUAL BACKGROUND

**A.      The Underlying Lawsuit**

9      3.1      In 2019, Plaintiffs Colton and Morgan Patterson, a married couple; Dustin Krenz

10   and Rachel Stokes, an unmarried couple; William and Kimberly Unrau, a married couple; Alex

11   and Lindsay Craig, a married couple; and Greta and Anthony Chehrehgosha, a married couple,

12   (hereinafter collectively referred to as "Underlying Plaintiffs") entered into Purchase and Sale

13   Contracts with Innovative for newly built homes at each of the Underlying Plaintiffs' respective

14   properties.

15      3.2      Underlying Defendants, the Hansens, are governors of Eagle Country, and Michael

16   Hansen is the managing member of Innovative.

17      3.3      The Underlying Plaintiffs' homes are located outside of the Sultan city limits,

18   where neither municipal nor county water service is available, and basic water service to

19   Underlying Plaintiffs' homes can only be accomplished via local well drilling.

20      3.4      Eagle Country entered into a construction contract with Innovative to construct the

21   Underlying Plaintiffs' five homes.

22      3.5      Eagle Country drilled wells in an effort to provide water to Underlying Plaintiffs'

23   homes.

24

COMPLAINT FOR DECLARATORY RELIEF – 3

3.6     Eagle Country's first attempt to drill a well service to Underlying Plaintiffs' properties allegedly failed. Eagle Country allegedly abandoned the dry well and did not decommission it as required under Washington law.

3.7     Eagle Country then allegedly drilled three additional wells on Underlying Plaintiffs' properties, in very close proximity, in an effort to ensure water supply to Underlying Plaintiffs' properties.

3.8     Eagle Country allegedly used superficial and ineffective testing methods to determine whether these wells could continuously make available potable water in adequate volumes to service the Underlying Plaintiffs' homes.

3.9     The Purchase and Sale Contracts provide Underlying Plaintiffs the opportunity to inspect the wells and water systems prior to closing the sale of their properties.

3.10    Some Underlying Plaintiffs allegedly did not have the opportunity to inspect the wells and water systems because the water service was not connected to their home until the date of the closing.

3.11    When Underlying Plaintiffs moved into their homes, they allege that the wells either produced insufficient volumes of water or produced water that was yellow in color and smelled of ammonia.

3.12    Underlying Plaintiffs allegedly complained to Eagle Country, and in response to the Underlying Plaintiffs' complaints, Eagle Country assured Underlying Plaintiffs there were no concerns and that the water quality would improve quickly with use.

3.13    Underlying Plaintiffs allege that the water quality did not improve, and Underlying Plaintiffs and their children became ill with similar symptoms.

3.14    Eagle Country allegedly hired a third-party contractor to install a filtration system

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1   on Underlying Plaintiffs' wells, but the filtration system failed to improve the water quality.

2   3.15   The third-party contractor Eagle Country hired was allegedly neither licensed nor

3   bonded.

4   3.16   The Underlying Plaintiffs alleged that the third-party contractor installed filtration

5   systems incorrectly.

6   3.17   When Underlying Plaintiffs raised their concerns to Eagle Country, Eagle Country

7   allegedly assured Underlying Plaintiffs that the problems would be fixed promptly.

8   3.18   Multiple wells on Underlying Plaintiffs' property allegedly ran completely dry, and

9   Underlying Plaintiffs continued to complain to Eagle Country.

10   3.19   In December 2019, Eagle Country allegedly offered to pay for the filtration

11   equipment as a courtesy, while asserting that it was not responsible for anything further.

12   3.20   Eagle Country also allegedly demanded that two Underlying Plaintiffs supply a

13   third Underlying Plaintiff with water until a permanent solution was found for the well problems.

14   3.21   Eagle Country allegedly forced Underlying Plaintiffs to sign an agreement pursuant

15   to which Eagle Country would provide a "Stenner Chlorination System with a carbon backwash

16   unit" in exchange for Underlying Plaintiffs' acceptance that Eagle Country offered no future

17   warranty.

18   3.22   Eagle Country allegedly claimed that the installation date would be approximately

19   one week away.

20   3.23   Underlying Plaintiffs allege that they signed under duress. Eagle Country allegedly

21   never installed the promised equipment.

22   3.24   During a February 2020 meeting between Underlying Plaintiffs and Eagle Country,

23   Michael Hansen allegedly acknowledged the well problems.

24

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

3.25    He allegedly offered $3,000.00 to the Underlying Plaintiffs Patterson and Unrau as reimbursement for Eagle Country's failure to provide clean drinking water.

3.26    Other errors alleged to have been made by Eagle Country include failing to include any well identification tags required by law and placing Underlying Plaintiffs' wells within 100 feet of a neighboring septic drain field, in violation of law.

3.27    Days after the February 2020 meeting, fraudulent well identification tags allegedly appeared. The tags allegedly belonged to wells in different locations.

3.28    Underlying Plaintiffs engaged JKA Well Drilling & Pumps (hereinafter "JKA") to ascertain the full extent of the property damages.

3.29    JKA stated that Underlying Plaintiffs' wells are effectively dry because all three are tied into the same fractured rock aquifer, that Eagle Country violated several provisions of the Washington Administrative Code, that the water filters installed by Eagle Country will not address the water quality issues, that plumbing is incorrectly installed, and that what little water one well was producing was unsafe for drinking.

3.30    Ultimately, JKA recommended that all three wells be replaced.

3.31    On September 2, 2020, Underlying Plaintiffs filed a Complaint in the Superior Court of Washington in and for Snohomish County, Case No. 20-2-04416-31, against Innovative, Eagle Country, the Hansens, Nicole Ji, and Compass Washington, LLC (the "Underlying Complaint).

3.32    Underlying Plaintiffs assert the following causes of action against Defendant Eagle Country:

(1)    Negligence;

(2)    Breach of Warranty; and

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1          (3)      Violation of the Consumer Protection Act, RCW Ch. 19.86.

2      3.33     Underlying Plaintiffs assert the following allegations against the Hansen

3   Defendants:

4          (1)      Breach of Contract;

5          (2)      Breach of Implied Warranty of Habitability;

6          (3)      Negligence;

7          (4)      Violation of the Consumer Protection Act, RCW Ch. 19.86; and

8          (5)      In the alternative: Rescission.

9      3.34     Underlying Plaintiffs assert the following allegations against Defendant Innovative

10  Investments:

11          (1)      Breach of Contract

12          (2)      Breach of Implied Warranty of Habitability;

13          (3)      Violation of the Consumer Protection Act, RCW Ch. 19.86; and

14          (4)      In the alternative: Rescission.

15      3.35     Underlying Plaintiffs allege that the property damages and ongoing defects caused

16  by Eagle Country, the Hansens, and Innovative have resulted in damages in amounts to be

17  established at trial, including treble damages, Underlying Plaintiffs' attorney's fees, interests,

18  expenses, and costs as provided by statute, contract and applicable law.

19  **B.      <u>Identification of the Kinsale Policy</u>**

20      3.36     Kinsale issued a Commercial General Liability Policy of insurance to Eagle

21  Country, policy number 0100106777-0 (hereinafter "20/21 Policy"). The 20/21 Policy was in

22  effect from February 2, 2020 to February 2, 2021.

23      3.37     The 20/21 Policy provides commercial general liability coverage with limits up to

24

COMPLAINT FOR DECLARATORY RELIEF – 7

$1,000,000 for each occurrence, a general aggregate limit of $2,000,000, with the general aggregate limit applying separately to each "project" as defined in Policy. The 20/21 Policy also includes a total, all projects, aggregate in the amount of $5,000,000.

3.38    The 20/21 Policy was renewed and Kinsale issued policy number 0100106777-1 (hereinafter "21/22 Policy") to Eagle Country Construction, Inc. The 21/22 Policy was in effect from February 2, 2021 to February 2, 2022.

3.39    The 21/22 Policy provides commercial general liability coverage with limits up to $1,000,000 for each occurrence, a general aggregate limit of $2,000,000, with the general aggregate limit applying separately to each "project" as defined in the Policy. The 21/22 Policy also includes a total, all projects, aggregate in the amount of $5,000,000.

3.40    The Policy[1] contains a Bodily Injury Liability and/or Property Damage Liability and/or Personal & Advertising Injury Liability, combined deductible in the amount of $2,500. This deductible applies to all damages for all "bodily injury," "property damage," and "personal and advertising injury," however that injury is caused.

C.    **Provisions of the Kinsale Policy**

3.41    The Policy grants liability coverage to the Insured under the following pertinent terms:

1.    **Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those

---

[1] For the purpose of this Complaint, unless otherwise noted, both Policies contain the same substantive provisions and will be addressed collectively as the "Policy." Should provisions differ, this Complaint will specify which Policy it is addressing. When addressing a single policy, Policy No. 0100106777-0 will hereinafter be referred to as the 20/21 Policy. Policy No. 0100106777-1 will hereinafter be referred to as the 21/22 Policy.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and

(2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b.**     This insurance applies to "bodily injury" and "property damages" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period; and

(3)     Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "proper damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

COMPLAINT FOR DECLARATORY RELIEF – 9

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1**. of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

[…]

CG 00 01 10 01, 20/21 Policy;
CG 00 01 04 13, 21/22 Policy.

    3.42   The Policy contains the following applicable exclusions to coverage regarding bodily injury and property damages:

    **2.**   **Exclusions**

COMPLAINT FOR DECLARATORY RELIEF – 10

Lether Law Group
1848 Westlake Avenue N. Ste. 100
Seattle, Washington 98109
P: (206) 467-5444  F: (206) 467-5544

This insurance does not apply to:

**a.**     **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.**     **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**     That the insured would have in the absence of the contract or agreement; or

**(2)**     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)**     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)**     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

[…]

COMPLAINT FOR DECLARATORY RELIEF – 11

**j.    Damage To Property**

"Property damage" to:

[…]

**(5)**   That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

[…]

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

**(6)**   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

[…]

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

**k.    Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.    Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard". This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

1

2

          **m.**     **Damage To Impaired Property or Property Not Physically Injured**

3

           "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

4

5

           **(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

6

7

           **(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

8

9

           This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

10

11

          **n.**     **Recall Of Products, Work Or Impaired Property**

12

           Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

13

14

           **(1)**    "Your product";

15

           **(2)**    "Your work"; or

16

17

           **(3)**    "Impaired property"; if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

18

19

20  CG 00 01 10 01, 20/21 Policy;
     CG 00 01 04 13, 21/22 Policy.

21

22         3.43     Additionally, the Policy contains the following endorsement to coverage regarding prior injury or damage:

23

24

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL POLICY EXCLUSIONS**

**[...]**

**PRIOR INJURY OR DAMAGE EXCLUSION**

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" which begins or takes place before the inception date of this policy or before the retroactive date of this policy if claims-made coverage applies, regardless of whether or not such "bodily injury", "property damage" or "personal and advertising injury" is known to any insured. This exclusion shall apply even thought the nature and extend of such damage or injury may change and even though the damage or injury may be continuous, progressive, cumulative, changing or evolving, and even though the "occurrence" causing such "bodily injury" or "property damage", or, the offense causing such "personal and advertising injury" may ne or may involve a continuous or repeated exposure to substantially the same general harm or condition.

If you are a contractor, builder or developer the following also applies:

All "property damage" to units of or within a single project or development and arising from the same general type of harm or condition, shall be deemed to occur at the time of damage to the first such unit, even though the existence, nature and extent of such damage may change even though the "occurrence" causing such "property damage" may be or involve a continuous or repeated exposure to substantially the same general harm or condition which also continues or takes place (in case of the repeated exposure to the substantially the same general harm or condition) during the policy period of this policy.

CAS3043 0817

    3.44    The Policy contains the following potentially applicable exclusion to coverage regarding the fiduciary duty of an insured:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL POLICY EXCLUSIONS**

**[...]**

**FIDUCIARY EXCLUSION**
This insurance does not apply to any claim or "suit" arising directly or indirectly out of, related to, or, in any way involving:

1.    Coercion, conversion or misappropriation of the funds or property of others;

2.    Dishonest, fraudulent, criminal or malicious acts or omissions of the insured, or any partner or employee or any person form whom you are legally responsible; or

3.    Activities or operations performed in the capacity of a fiduciary.

CAS3043 0817.

3.45    The Policy contains the following potentially applicable exclusion to coverage regarding the duty to defend an insured:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL POLICY EXCLUSIONS**

**[...]**

**DUTY TO DEFEND EXCLUSION**
Where there is no coverage under this policy, there is no duty to defend.

CAS3043 0817.

3.46    The Policy contains the following potentially applicable exclusion to coverage regarding underground facilities:

COMPLAINT FOR DECLARATORY RELIEF – 15

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – UNDERGROUND FACILITY**

**[…]**

**This endorsement modifies the insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

> This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or "underground property damage" arising directly or indirectly out of, related to, or, in any way involving any failure by you or others working on your behalf to take "appropriate" steps in advance of any job or work commencing, locating, identifying or marking the location of any "underground facility".

For purposes of this exclusion, the following definitions apply:

"Underground property damage" means "property damage" to an "underground facility" including any resulting "property damage" to any other property, caused by digging, grading land, paving, excavating, drilling, borrowing, filling, back-filling, horizontal boring or pile driving.

"Appropriate" means actions normally taken or used in the job site jurisdiction to locate, identify and mark the location of "underground facilities" to protect or prevent damage. This includes, but is not limited to compliance with all state or local codes or regulations.

"Underground facility" means any item located below ground for use in connection with the storage or conveyance of water, sewage, electronic, telephonic or telegraphic communications, television, fiber optic, digital, electric energy, petroleum products, gas, gaseous vapors, hazardous liquids or other substances and including but not limited to pipes, sewers, conduits, mains, cables, valves, lines,

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

wires, tanks, tunnels, manholes, attachments and any other similar property, and any apparatus used with them beneath the surface of the ground or water.

CAS3044 0319, 20/21 Policy;
CAS3044 0220, 21/22 Policy.

3.47    The 20/21 Policy contains the following potentially applicable exclusion to coverage regarding fungi or bacteria:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**FUNGI OR BACTERIA EXCLUSION**

**[…]**

**This endorsement modifies the insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A.    The following exclusion is added to Paragraph 2. Exclusions of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

    2.    **Exclusions**

        This insurance does not apply to:

        **Fungi Or Bacteria**

        a.    "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

product contributed concurrently or in any sequence to such injury or damage.

   **b.**   Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity. This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

[…]

   **C.**   The following definition is added to the Definitions Section: "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

CG2167 1204, 20/21 Policy.

   3.48   The 21/22 Policy contains the following potentially applicable exclusion to coverage regarding bodily injury or property damage arising from pathogens and related hazards:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – PATHOGEN AND RELATED HAZARDS**

**[…]**

**This endorsement modifies the insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**

**The following exclusion is added to this Policy:**

COMPLAINT FOR DECLARATORY RELIEF – 18

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of, related to, or in any way involving the inhalation of, absorption of, ingestion of, contact with, exposure to, existence of, or presence of any form of "pathogen and related hazards".

This exclusion applies, but is not limited to the following:

a. Providing or failing to provide any supervision, instructions, recommendations, warnings, or advice related to any actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any form of "pathogen and related hazards";

b. Failure to provide an environment safe from "pathogen and related hazards" or the actual, alleged or threatened transmission to others;

c. The prevention or suppression, or failure to prevent or suppress "pathogen and related hazards" or the actual, alleged, or threatened transmission to others;

d. The reporting or failure to report to the proper authorities;

e. The negligent hiring, employment, training, supervision, or retention of any insured, "employee", agent or other person with respect to a. through d. above; or

f. Any loss, cost or expense arising out of, related to, or in any way involving any claim, "suit", request, or demand that any insured:

(1)  Assess the presence, absence, amount, or effects of any "pathogen and related hazards"; or

(2) Identify, sample, test, monitor, clean up, remove, dispose of, or neutralize the effects of any "pathogen and related hazards" in any building, material, animal, or product, including but not limited to "your product"; or

COMPLAINT FOR DECLARATORY RELIEF – 19

(3)     Respond to any "pathogen and related hazards" in any manner other than as described in (1) or (2) above.

This exclusion applies to any claim or "suit" regardless of whether any "pathogen and related hazards" is the initial precipitating cause or is in any way a cause of injury or damage and regardless of whether any other actual or alleged cause, event, material or product contributed concurrently, proximately, or in any sequence to such injury or damage, including whether any actual or alleged injury or damage arises out of a chain of events that includes "pathogen and related hazards".

As used in this exclusion, "pathogen and related hazards" includes, without limitation:

a.      Fungus, including but not limited to any type of mold or mildew;

b.      Any protist, including but not limited to algae and slime mold;

c.      Any chemical matter, or compound produced or released by a fungus or protist, including but not limited to any mycotoxin, toxin, spore, scent, fragment, metabolites, or other by-product that is produced by a. or b. above;

d.      Any pathogen, including but not limited to virus, bacterium, prion, or protozoa or other microorganism;

e.      Any sexually transmitted disease, including but not limited to Acquired Immunodeficiency Syndrome or Human Immunodeficiency Virus, or exposure to another having the same, or to substances or materials contaminated with the same, or fear of contracting Acquired Immunodeficiency Syndrome, Human Immunodeficiency Virus, or any other communicable disease; or;

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

f.      Any other infectious or contagious disease transmissible by direct contact with an affected individual or the individual's discharges or by indirect means.

Solely regarding Coverage A – Bodily Injury and Property Damage Liability, this exclusion does not apply to fungi or bacteria on, or contained in, a good or product intended for bodily consumption.

CAS3140-0320, 21/22 Policy.

3.49    The Policy contains the following endorsement to coverage regarding bodily injury and property damage arising out of pollution:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – ABSOLUTE POLLUTION AND POLLUTION RELATED LIABILITY**

**[…]**

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**

The following exclusion is added to this policy. If the policy already includes a pollution exclusion or a pollution related exclusion, such exclusion(s) is (are) deleted and replaced with the following:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or any other injury, damage, or legal liability of any kind, arising directly or indirectly out of, related to, including, or in any way involving the actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape of, placement of, or presence of "pollutants", however caused, including but not limited to:

a.      Any loss, cost, expense, fines or penalty arising out of any (i) request, demand, order, governmental authority or directive, or, that

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

of any private party or citizen action, that any insured, or others, test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess same, the effects of "pollutants" or (ii) any litigation or administrative procedure in which any insured or others may be involved as a party as a result of actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape of or placement of, or presence of "pollutants" into or upon land, premises, buildings, the atmosphere, any water course, body of water, aquifer or ground water, whether sudden, accidental or gradual in nature or not, and regardless of when.

b.      The devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space, or any other type injury or expense.

This exclusion applies regardless of fault or intent, regardless of the particular cause of action or theory of liability, regardless of whether a "pollutant" is the initial precipitating cause or is in any way a cause, in the chain of events, and regardless of whether any other actual or alleged cause other than a "pollutant" contributed concurrently, proximately, or in any other sequence to the "bodily injury", "property damage", "personal and advertising injury", or any other injury, damage, or legal liability.

The following definition is added to the policy. If the policy already includes a definition of "pollutants" such definition is deleted and replaced with the following:

"Pollutants" means any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals or "waste". "Waste" includes medical waste, biological infectants, and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

ADF3003 0519.

COMPLAINT FOR DECLARATORY RELIEF – 22

3.50     The Policy contains the following provision regarding who is an insured under the Policy:

**SECTION II – WHO IS AN INSURED**

1.     If you are designated in the Declarations as:

a.     An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b.     A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

c.     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

d.     An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

e.     A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2.     Each of the following is also an insured:

a.     Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing

COMPLAINT FOR DECLARATORY RELIEF – 23

duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(1)    "Bodily injury" or "personal and advertising injury":

    (a)    To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

    (b)    To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph **(1)(a)** above;

    **(c)**    For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs **(1)(a)** or **(b)** above; or

    **(d)**    Arising out of his or her providing or failing to provide professional health care services.

**(2)**    "Property damage" to property:

    **(a)**    Owned, occupied or used by,

    **(b)**    Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

member (if you are a limited liability company).

**b.**   Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

**c.**   Any person or organization having proper temporary custody of your property if you die, but only:

    **(1)**   With respect to liability arising out of the maintenance or use of that property; and

    **(2)**   Until your legal representative has been appointed.

**d.**   Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.**   With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

**a.**   "Bodily injury" to a co-"employee" of the person driving the equipment; or

**b.**   "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

GC 00 01 10 01, 20/21 Policy (as amended by CAS3011 0110);
GC 00 01 04 13, 21/22 Policy.

COMPLAINT FOR DECLARATORY RELIEF – 25

3.51    Further, the 21/22 Policy contains the following endorsement pertaining to additional insureds:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED AS REQUIRED BY WRITTEN CONTRACT – MORTGAGEE, ASSIGNEE, OR RECEIVER - SCHEDULED**

**[…]**

**This endorsement modifies the insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**

| SCHEDULE | |
|---|---|
| Name of Person(s) or Organization(s) | Designation of Premises: |
| Innovative Investments, Inc. | |
| Construction Loan Services II, LLC ISAOA/ATIMA | |

**A.    SECTION II - WHO IS AN INSURED** is amended to include as an Additional Insured any person(s) or organization(s) shown in the above Schedule that you are required by written contract to add as an Additional Insured, but:

**1.**    Only if such written contract was executed prior to the "bodily injury" or "property damage" and is in effect at the time the "bodily injury" or "property damage" occurs; and

**2.**    Only with respect to such person or organization's vicarious liability for "bodily injury" or "property damage" as mortgagee, assignee, or receiver; and

**3.**    Solely for liability caused by the ownership, maintenance or use of the premises by you and shown in the above Schedule.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

However:

1.    The insurance afforded to such Additional Insured only applies to the extent permitted by law; and

2.    Will not be broader than that which you are required by the written contract to provide for such Additional Insured.

B.    With respect to the insurance afforded to the Additional Insured, the following additional exclusion applies:

1.    This insurance does not apply to any structural alterations, new construction or demolition operations performed by or for the person or organization shown in the above Schedule.

C.    With respect to the insurance afforded to the Additional Insured, the following is added to **SECTION III – LIMITS OF INSURANCE:**

The most we will pay on behalf of the Additional Insured is the amount of insurance:

1.    Required by the written contract; or

2.    Available under the applicable limits of insurance; whichever is less

This endorsement shall not increase the applicable limits of insurance.

D.    Duties of the Additional Insured in the event of an "occurrence", claim or "suit":

1.    The Additional Insured must promptly give notice of an "occurrence" which may result in a claim, a claim which is made, or, a "suit" to any other insurer which has insurance for a loss to which this insurance may apply.

2.    The Additional Insured must promptly tender the defense of any claim made or 'suit' to any other insurer which also issued insurance to the Additional Insured as a Named Insured or to which the Additional Insured may qualify as an Additional Insured for a loss to which this insurance may apply.

COMPLAINT FOR DECLARATORY RELIEF – 27

CAS5004 0420, 21/22 Policy.

     3.52    The Policy includes the following definitions relevant to the above-referenced provisions:

     **3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

[…]

     **9.**    "Insured contract" means:

     **a.**    A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

     **b.**    A sidetrack agreement;

     **c.**    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

     **d.**    An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

     **e.**    An elevator maintenance agreement;

     **f.**    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. Paragraph f. does not include that part of any contract or agreement:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

    **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

[…]

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

[…]

**16.** "Products-completed operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1) Products that are still in your physical possession; or

Lether Law Group
1848 Westlake Avenue N. Ste. 100
Seattle, Washington 98109
P: (206) 467-5444  F: (206) 467-5544

(2)     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

      (a)     When all of the work called for in your contract has been completed.

      (b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

      (c)     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b.     Does not include "bodily injury" or "property damage" arising out of:

      (1)     The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

      (2)     The existence of tools, uninstalled equipment or abandoned or unused materials; or

      (3)     Products or operations for which the classification, listed in the Declarations or in a policy schedule,

COMPLAINT FOR DECLARATORY RELIEF – 30

states that products-completed operations are subject to the General Aggregate Limit.

[…]

17.   "Property damage" means:

a.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

[…]

21.   "Your product":

a.   Means:

(1)   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a)   You;

(b)   Others trading under your name; or

(c)   A person or organization whose business or assets you have acquired; and

(2)   Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

22.   "Your work":

a.   Means:

(1)   Work or operations performed by you or on your behalf; and

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

**(2)**     Materials, parts or equipment furnished in connection with such work or operations.

**b**.     Includes

**(1)**     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

**(2)**     The providing of or failure to provide warnings or instructions.

CG 00 01 10 01, 20/21 Policy;
CG 00 01 04 13, 21/22 Policy.

3.53     Kinsale reserves the right to assert any other policy language or coverage forms of the Policy that may be potentially applicable to this action.

**D.     Kinsale's Claims Handling**

3.54     Upon receiving notice of the Underlying Complaint, Kinsale promptly opened a claim and began its claims investigation.

3.55     Kinsale is currently defending Eagle Country, the Hansens, and Innovative pursuant to a full reservation of rights.

**IV.     NO INDEMNITY OR DEFENSE COVERAGE IS OWED UNDER THE KINSALE POLICY**

4.1     Kinsale incorporates by reference all the allegations contained in paragraphs 1.1 – 3.55 as if set forth fully herein.

4.2     The Policy states that Kinsale will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

4.3     The Policy defines "property damage" as (a) physical injury to tangible property,

COMPLAINT FOR DECLARATORY RELIEF – 32

1   including all resulting loss of use of that property or (b) loss of use of tangible property that is not

2   physically injured.

3        4.4     An actual and justiciable controversy exists as to whether there was any "property

4   damage".

5        4.5     "Bodily injury" means bodily injury, sickness or disease sustained by a person,

6   including death resulting from any of these at any time.

7        4.6     An actual and justiciable controversy exists as to whether there was any "bodily

8   injury".

9        4.7     The Policy further requires that any "bodily injury" and/or "property damage" must

10   be caused by an "occurrence".

11        4.8     "Occurrence" means an accident, including continuous or repeated exposure to

12   substantially the same general harmful conditions.

13        4.9     An actual and justiciable controversy exists as to whether there was an

14   "occurrence".

15        4.10     The Policy's Insuring Agreement states that this insurance applies to "bodily

16   injury" or "property damage" only if, prior to the Policy period, no insured knew that the "bodily

17   injury or "property damage" had occurred, in whole or in part.

18        4.11     An actual and justiciable controversy exists as to whether Eagle Country knew, in

19   whole or part, of the "bodily injury" or "property damage" prior to the inception of the Policy.

20        4.12     The Policy expressly excludes coverage for "property damage" and "bodily injury"

21   which was expected or intended from the standpoint of the insured.

22        4.13     An actual and justiciable controversy exists as to whether Eagle Country expected

23   or intended "property damage" or "bodily injury" from its standpoint.

24

COMPLAINT FOR DECLARATORY RELIEF – 33

4.14     The Policy excludes coverage for "bodily injury" or "property damage" resulting from obligations assumed through a contract, unless such a contract meets the definition of "insured contract."

4.15     An actual and justiciable controversy exists as to whether Eagle Country, the Hansens, and/or Innovative assumed obligations for "bodily injury" or "property damage" in a contract, and if so, whether such a contract meets the definition of "insured contract".

4.16     The Policy excludes coverage for "property damage" or "bodily injury" resulting from or in any way related to the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, escape of, or presence of "pollutants", as those terms are defined by the Policy.

4.17     An actual and justiciable controversy exists as to whether any "property damage" or bodily injury resulted from or was in any way related to the actual alleged, or threatened discharge, dispersal, seepage, migration, release, escape of, or presence of "pollutants" as defined in the Policy and whether coverage is therefore unavailable.

4.18     The Policy excludes coverage for "property damage" to that particular part of real property on which an insured is performing operations if the property damage arises out of those operations.

4.19     The allegations described in the Underlying Complaint arise from Eagle Country, the Hansens, and Innovative's operations and/or defective work.

4.20     An actual and justiciable controversy exists as to whether any "property damage" arose to that particular part of real property on which Eagle Country, the Hansens, and/or Innovative were performing operations if the property damage arose out of those operations.

4.21     The Policy further excludes coverage for property damage caused by the insured's work that was incorrectly performed on the property.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

4.22    An actual and justiciable controversy exists as to whether any "property damage" was caused by Eagle Country, the Hansens, and/or Innovative's work that was incorrectly performed on the property and must be restored, repaired or replaced.

4.23    The Policy expressly excludes coverage for "property damage" to "your work" included in the "products-completed operations hazard" as those terms are defined in the Policy

4.24    The allegations, as described in the Underlying Complaint, include damage to Eagle Country, the Hansens, and/or Innovative's work and/or product, specifically the water wells and products furnished in connection with those goods.

4.25    An actual and justiciable controversy exists as to whether "property damage" to "your work" included in the "products-completed operations hazard", as those terms are defined in the Policy, occurred.

4.26    The "impaired property" exclusion applies to bar coverage for "property damage" to "impaired property" or property that has "not been physically injured" because it arises out of a defect in "your work" or "your product" or arises out of a failure to perform a contract in agreeance with its terms.

4.27    An actual and justiciable controversy exists as to whether any coverage to Eagle Country, the Hansens, and/or Innovative exists for "property damage" to "impaired property" or property that has "not been physically injured" because it arises out of a defect in "your work" or "your product" or arises out of a failure to perform a contract in agreeance with its terms, as those terms are defined by the Policy.

4.28    The Recall of Products exclusion applies to bar coverage for damages claimed for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of "your product" or "your work" or "impaired property" as defined in the Policy.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

4.29    An actual and justiciable controversy exists as to whether the Recall of Products exclusion applies to bar coverage to Eagle Country, the Hansens, and/or Innovative for damages claimed for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of "your product" or "your work" or "impaired property" as defined in the Policy.

4.30    The Prior Injury or Damage Exclusion precludes coverage for "bodily injury" or "property damage" which began or took place before the inception date of the Policy.

4.31    This Policy incepted on February 2, 2020.

4.32    An actual and justiciable controversy exists as to whether the harm began or took place before the inception of the Policy.

4.33    The Fiduciary Exclusion serves to preclude coverage for any claim or "suit" arising out of coercion, or dishonest, fraudulent, criminal or malicious actions of the insured

4.34    Underlying Plaintiffs allegedly signed an agreement under duress.

4.35    An actual and justiciable controversy exists as to whether the Fiduciary Exclusion serves to preclude coverage for Eagle Country, the Hansens, and/or Innovative for any claim or "suit" arising out of coercion, or dishonest, fraudulent, criminal or malicious actions of Eagle Country, the Hansens, and/or Innovative.

4.36    Under the Duty to Defend Exclusion, Kinsale does not have a duty to defend where there is no coverage.

4.37    An actual and justiciable controversy exists as to whether or not coverage exists such that Kinsale is required to defend Eagle Country, the Hansens, and/or Innovative.

4.38    The Underlying Complaint alleges "property damage" to the water wells constructed on the subject properties, including allegations of regulation violations.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

4.39     An actual and justiciable controversy exists as to whether the allegations of the Underlying Complaint against Eagle Country, the Hansens, and/or Innovative regarding the water wells qualify as "underground property damage".

4.40     The 20/21 Policy excludes coverage for any "bodily injury" or "property damage" resulting from the actual, alleged, or threatened inhalation, ingestions, contact, or exposure to any "fungi" or bacteria.

4.41     An actual and justiciable controversy exists as to whether the allegations of illness based on potential exposure to bacteria or "fungi" as defined in the policy preclude Eagle Country, the Hansens, and/or Innovative from coverage.

4.42     The 21/22 Policy excludes coverage for any "bodily injury" or "property damage" relating in any way to the inhalation, absorption, ingestion, contact, or exposure to any form of a "pathogen and related hazards."

4.43     An actual and justiciable controversy exists as to whether the claims asserted in the Underlying Complaint include allegations of illness based on potential exposure to "pathogen and related hazards" as defined in the 21/22 Policy.

4.44     The Policy specifies that if the entity listed on the Policy Declaration Page is a Limited Liability Corporation, that LLC is an insured. In addition, the LLC members are also insureds, but only with respect to the conduct of the LLC's business. Further, the LLC's managers are insureds, but only with respect to their duties as the LLC's managers.

4.45     An actual and justiciable controversy exists as to whether the Hansen Defendants are both and/or separately insured, as provided by the Policy, and whether either or both are entitled to a defense based on the allegations of the Underlying Complaint.

4.46     The 21/22 Policy provides that Innovative is an additional insured if required

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

under a written contract. Innovative is only an additional insured if the written contract was executed prior to the alleged "bodily injury" or "property damage." Further, Innovative is an additional insured only with respect to the entity's vicarious liability for "bodily injury" and "property damage."

4.47    An actual and justiciable controversy exists as to whether the Innovative is an Additional Insured, as provided by the Policy.

4.48    Kinsale reserves the right to assert any other exclusions or grounds for which coverage for the claims asserted in the Underlying Complaint may be excluded under the Kinsale Policy.

## V.    CAUSE OF ACTION FOR DECLARATORY RELIEF

5.1    Kinsale reasserts paragraphs 1.1 through 4.48 and incorporates the same as though fully set forth herein.

5.2    Actual and justiciable controversies exist as to whether any defense coverage is owed to Eagle Country, the Hansens, and/or Innovative under the Policy regarding the claims asserted against them in the Underlying Complaint.

5.3    Pursuant to and in accordance with 28 U.S.C. § 2201, Kinsale requests that the Court grant declaratory relief in its favor and enter a judicial determination that Kinsale does not have an obligation to provide a defense to Eagle Country, the Hansens, and/or Innovative under the Policy regarding the claims asserted against them in the Underlying Complaint.

5.4    Actual and justiciable controversies exist as to whether any indemnity coverage is available to Eagle Country, the Hansens, and/or Innovative under the Policy regarding the claims asserted against it in the Underlying Complaint.

5.5.    Pursuant to and in accordance with 28 U.S.C. § 2201, Kinsale requests that the

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

Court grant declaratory relief in its favor and enter a judicial determination that Kinsale does not have an obligation to any indemnity coverage to Eagle Country, the Hansens, and/or Innovative under the Policy regarding the claims asserted against them in the Underlying Complaint.

## VI.    PRAYER FOR RELIEF

Kinsale, having alleged the foregoing, does now hereby pray for relief as follows:

1.    For a declaration that Kinsale owes no defense obligation to Eagle Country, the Hansens, and/or Innovative for any claims asserted against them in the Underlying Complaint arising from the subject loss.

2.    For a declaration that Kinsale owes no indemnity obligation to Eagle Country, the Hansens, and/or Innovative for any claims asserted against them in the Underlying Complaint arising from the subject loss.

3.    For a declaration that Eagle Country, the Hansens, and/or Innovative is bound by any judicial declarations in this matter involving the Policy.

4.    For all interest allowed by law.

5.    For attorney fees and costs allowed by statute and law.

6.    For other and further relief as the Court deems just and equitable.

DATED this 16th day of May 2022.

LETHER LAW GROUP

*s/ Thomas Lether*
Thomas Lether, WSBA #18089
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
P: 206-467-5444 F: 206-467-5544
tlether@letherlaw.com
*Attorney for Kinsale Insurance Company*

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544